IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES BRADY, | ) |
| Plaintiff, | ) |
| v. | ) No. 16-CV-07509 |
| MENARD, INC., et al. | ) Judge John J. Tharp, Jr. |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Menard, Inc. removed this personal injury case from state court on the basis of diversity jurisdiction despite the presence of two individual defendants (one named, one presently unknown) who defeat complete diversity. Menard has moved to dismiss the two individuals as fraudulently joined in order to maintain diversity jurisdiction while plaintiff Charles Brady has moved to remand the case back to state court. For the reasons detailed below, the Court denies Menard's motion to dismiss and grants Brady's motion to remand.

## BACKGROUND

This case is still in its infancy, so relatively few facts are known. On October 25, 2015, plaintiff Charles Brady went into a Menards store in Crestwood, Illinois. Compl. ¶ 4, ECF No. 1 Ex. 1. While there, a display of 4x4 wood posts fell on Brady, causing severe injuries. *Id.* at ¶ 6, 11. On June 22, 2016, Brady filed suit against Menard (the alleged owner of the store), Matthew Smorynski (the general manager of the store), and an unknown employee. Brady claimed that the store and its employees had failed to take at least one of a variety of acts or omissions (24 are listed), including failing to adequately secure, stack, or bundle the posts, failing to have adequately trained the staff to prevent products from falling, and failing to maintain the premises in a safe condition. *See id.* at ¶ 8. Brady also alleges generally that the defendants all had a duty

to exercise reasonable care and that the defendants' negligent acts or omissions resulted in his injuries. *See id.* at ¶ 7, 9. Menard filed a notice of removal pursuant to 28 U.S.C. § 1441 and motion to dismiss the individual defendants under Fed. R. Civ. P. 12(b)(6) on July 25, 2016. Brady moved to remand the case to state court on August 24, 2016.

## DISCUSSION

The parties agree that Brady, Smorynski, and the unknown employee are citizens of Illinois while Menard is a citizen of Wisconsin and that the only potential basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Menard argues that there will be complete diversity (as is required for diversity jurisdiction) once the individual defendants are dismissed. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) (requiring complete diversity). Menard suggests that the joinder of the individual defendants was fraudulent, and thus their citizenship should be disregarded. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). In light of the motion to remand, any doubts regarding jurisdiction should be resolved in favor of remand. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

"Fraudulent" is a term of art in joinder cases, meaning that "a claim against an in-state defendant [] simply has no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). The out of state defendant who files for removal "must bear a heavy burden" and show that "after resolving all questions of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id*. In *Poulos*, for example, the plaintiff had alleged no fraud or impropriety that would subject the in-state parent company to liability for its (out of state) subsidiary's actions. *Id*. at 74. Therefore, the joinder was considered fraudulent and diversity jurisdiction was proper.

Menard contends that it has shown there is no potential liability for the individual defendants because the plaintiff has failed to allege that the individuals owed him a particular

2

duty or that they were active tortfeasors. *See* Def.'s Mem. at 2-3, ECF No. 5. Menard cites to a number of cases in which employees have been found not to owe duties to their employer's customers. *See Roh v. Starbucks Corp.*, No. 13 C 8865, 2015 WL 232374, at *1 (N.D. Ill. Jan. 14, 2015) (general manager did not have a duty simply because she was "responsible for overseeing the safety, maintenance, and operations of the area"); *Hoidas v. Wal-Mart Stores, Inc.*, No. 09 C 7409, 2010 WL 1790864, at *2 (N.D. Ill. Apr. 30, 2010) (store manager did not owe duty to inspect parking lot that belong to her employer). However, "[a] person is not absolved of personal liability to a third person on account of his or her negligence or other wrongful act merely because at the time such person was acting as an employee within the scope of the employment." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 765 (7th Cir. 2009) (quoting Romualdo P. Eclaea, Christine M. Gimeo & Thomas Muskus, *Employment* § 202, *in* 17 *Illinois Law and Practice* (2008)). Furthermore, "every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *Schur*, 577 F.3d at 766. Therefore, the Seventh Circuit reasoned in *Schur*, two employees who helped create a nutritional supplement program for a customer could potentially be liable for the customer's death. *Id*.

Part of the difficulty in this case stems from the vast number of alleged actions or inactions that the individual defendants may or may not have taken. Some allegations, such as the failure to maintain the premises in a reasonably safe condition or the failure to provide adequate rules or protocols, clearly could not generate liability for individual employees. However, others, such as the failure to properly stack the wood or tie down the product, could

present individual liability for the negligently stacking or tying employee. *See, e.g., Likens v. Menard, Inc.*, No. 15 C 2959, 2015 WL 3961635, at *3 (N.D. Ill. June 26, 2015) (finding "Likens has alleged that the employee was an active participant in the accident that caused the injury" and therefore Likens had presented a sufficient possibility of recovery against the employee). Although Menard contends that Smorynski cannot be held liable for the actions of another employee, the Court reads the allegations to allege in part that he may have been the one who improperly stacked or otherwise actively contributed to Brady's injuries. *Compare Odom-Green v. Wal-Mart Stores, Inc.,* No. 13-00631-DRH, 2013 WL 5967738, at *2 (S.D. Ill. Nov. 8, 2013) (store manager cannot be held liable where he was not present at the store at the time of the accident and another employee failed to protect shoppers from a slippery floor).

Although it may seem unlikely that Brady will seek to recover against the employees, whether or not the party is considered fraudulently joined depends on the chance of success on the merits, not the plaintiff's motives. *See Schur*, 577 F.3d at 763 n.9. Furthermore, the defendants have introduced no evidence that the plaintiff does not intend to pursue his claims against the individual defendants, both of whom he has served and seems to be proceeding against in earnest. *Compare Wilson,* 257 U.S. at 94 (finding fraudulent joinder where "the plaintiff personally and intimately knew every person who could by any possible chance have caused his injuries and knew the coemployee was not in any degree whatsoever responsible therefor"). Nor has Menard presented any evidence, such as an affidavit, that Smorynski was not present at the store or otherwise involved in the alleged conduct. *Compare Faucett v. Ingersoll-Rand Mining & Machinery Co.*, 960 F.2d 653, 655 (7th Cir. 1992) ("Minor's uncontradicted affidavit, essentially stating that he has had absolutely nothing to do with any roof-bolters at the Peabody Mine, is sufficient to establish fraudulent joinder.").

4

Therefore, the Court finds that Menard has failed to meet its heavy burden to establish that removal was proper. The individual defendants were not fraudulently joined, and this Court lacks subject matter jurisdiction over this case as the parties are not completely diverse. Brady's motion to remand is therefore granted and Menard's motion to dismiss the individual defendants is denied.[1]

\*   \*   \*

Dated: January 18, 2017

John J. Tharp, Jr.
United States District Judge

---

[1] The Court's consideration of the motion to dismiss for fraudulent joinder is not intended to preclude the assertion of any legal defense by the individual defendants under state law. The Court has considered the issue of whether a possible claim has been stated against the individual defendants only in the context of reaching a determination of whether joinder of those defendants qualifies as fraudulent for purposes of establishing federal jurisdiction; accordingly, this analysis does not necessarily foreclose arguments under different state law standards.